**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware

Case number (*if known*): _____ Chapter 15

☐ Check if this is an amended filing

## Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding    12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

| | |
|---|---|
| 1. **Debtor's name** | VBI Vaccines (Delaware) Inc. |

2. **Debtor's unique identifier**

**For non-individual debtors:**

☑ Federal Employer Identification Number (EIN)  9  3 –0  5  8  9  5  3  4

☐ Other _____. Describe identifier _____.

**For individual debtors:**

☐ Social Security number:    xxx – xx– ____ ____ ____ ____

☐ Individual Taxpayer Identification number (ITIN): **9** xx – xx – ____ ____ ____ ____

☐ Other _____. Describe identifier _____.

3. **Name of foreign representative(s)**

VBI Vaccines (Delaware) Inc.

4. **Foreign proceeding in which appointment of the foreign representative(s) occurred**

Proceeding under the Companies' Creditors Arrangement Act, pending before the Superior Court, Commercial Division, in and for the Judicial District of Toronto, Canada (Court File No. CV-24-00724693-00CL)

5. **Nature of the foreign proceeding**

*Check one:*

☐ Foreign main proceeding
☐ Foreign nonmain proceeding
☑ Foreign main proceeding, or in the alternative foreign nonmain proceeding

6. **Evidence of the foreign proceeding**

☐ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☑ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.
A copy of the signed initial Order entered in the CCAA proceeding is attached. A certified copy will be filed with the Court when available

7. **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)
☑ Yes

Debtor   VBI Vaccines (Delaware) Inc.
_____   Case number (if known)_____
         Name

| 8. | **Others entitled to notice** | Attach a list containing the names and addresses of: |

     (i)   all persons or bodies authorized to administer foreign proceedings of the debtor,

     (ii)  all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

     (iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

---

**9. Addresses**

**Country where the debtor has the center of its main interests:**

Canada
_____

**Debtor's registered office:**

160 Second Street, Floor 3
_____
Number    Street

_____
P.O. Box

Cambridge, MA 02142
_____
City    State/Province/Region    ZIP/Postal Code

United States
_____
Country

**Individual debtor's habitual residence:**

_____
Number    Street

_____
P.O. Box

_____
City    State/Province/Region    ZIP/Postal Code

_____
Country

**Address of foreign representative(s):**

c/o Strikeman Elliott LLP
1155 René-Lévesque Blvd. West, 41st Floor
_____
Number    Street

_____
P.O. Box

Montreal, Quebec H38 3V2
_____
City    State/Province/Region    ZIP/Postal Code

Canada
_____
Country

---

**10. Debtor's website (URL)**

www.vbivaccines.com
_____

---

**11. Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

    ☑ Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

    ❑ Partnership

    ❑ Other.  Specify: _____

❑ Individual

---

| Debtor | VBI Vaccines (Delaware) Inc. | Case number (if known) |
|---|---|---|
| | Name | |

**12. Why is venue proper in this district?**

Check one:

☐ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____.

☑ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

This Debtor is incorporated in Delaware_____.

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✘ /s/ Jeffrey Baxter_____
Signature of foreign representative

Jeffrey Baxter, on behalf of VBI Vaccines (Delaware) Inc., in its capacity as foreign representative
Printed name

Executed on    07/30/2024_____
MM  / DD / YYYY

✘ _____
Signature of foreign representative

_____
Printed name

Executed on    _____
MM  / DD / YYYY

**14. Signature of attorney**

✘ /s/ Derek C. Abbott_____
Signature of Attorney for foreign representative

Date    07/30/2024_____
MM   / DD / YYYY

Derek C. Abbott_____
Printed name

Morris, Nichols, Arsht & Tunnell LLP_____
Firm name

1201 N. Market Street, 16th Floor_____
Number        Street

Wilmington_____    DE        19801_____
City                                  State      ZIP Code

(302) 658-9200_____        dabbott@morrisnichols.com_____
Contact phone                          Email address

3376_____    DE_____
Bar number                              State

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 15 |
| VBI Vaccines (Delaware) Inc., *et al.* | Case No. 24-_____  (    ) |
| Debtors in a Foreign Proceeding.[1] | (Joint Administration Requested) |

**CONSOLIDATED VERIFIED LIST**
**PURSUANT TO FED. R. BANKR. P. 1007(a)(4), 1008, AND 2002 (q)**

Pursuant to Rules 1007(a)(4), 1008 and 2002 (q), the attached list contain the names and addresses of the following:

   i.   All persons or bodies authorized to administer foreign proceedings of the Debtors;

   ii.   All parties to litigation pending in the United States in which each Debtor is a party at the time of filing of the petition, and

   iii.   All entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

I declare under penalty of perjury under the laws of the United States of America that the information in the attached list is true and correct.

Dated: July 30, 2024

*/s/  Jeffrey Baxter*_____
Jeffrey Baxter
President and CEO of VBI Vaccines Inc.
VBI Vaccines (Delaware) Inc., as Foreign
Representative for the Chapter 15 Debtors

---

[1] The Debtors and the last four digits of its U.S. Federal Employer Identification Numbers or other unique identifier are as follows: VBI Vaccines Inc. (4170) (British Columbia Corporation No.), VBI Vaccine (Delaware) Inc. (9534), Variation Biotechnologies (US) Inc. (6196), and VBI Vaccines B.V. (1726) (Netherlands Corporation No.).  The Debtors' Mailing address is 160 Second Street, Floor 3, Cambridge, MA 02142.

**<u>List of entities entitled to notice pursuant to Bankruptcy Rules 1007(a)(4) and 2002(q)</u>**

**All persons or bodies authorized to administer foreign proceedings of the Debtors:**

The Foreign Representative's mailing address is:

VBI Vaccines (Delaware) Inc.

c/o Stikeman Elliott LLP
Attn: Nathalie Nouvet
1155 René-Lévesque Blvd. West
41st Floor
Montreal, Quebec H38 3V2
Canada

The Monitor's mailing address is:

Ernst & Young, Inc.
100 Adelaide St W
Toronto, ON M5H 0B3

**All parties to litigation pending in the United States in which either Debtor is a party at the time of filing of the petition.**

None.

**All entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code**

Aaron Rak
222 Third Street
Suite 2241
Cambridge MA 02142

Abacus Buyer's Coalition, LLC
4225 W 107th St., Unit 11435
Overland Park KS 66207

Academic Medical Education B.V.
Utrecht  3572 BJ
Netherlands

ACS PharmaProtect GmbH
Taubenstrasse 20
Berlin  10117
Germany

Adam Buckley
3 Dorchester Street, Unit C
Boston MA 02127

Adam Eric Logal
9574 Exbury Ct
Pompano Beach FL 33076

Adam Logal
9574 Exbury Ct
Parkland FL 33076

Adult Vaccine Access Coalition
1640 Rhode Island Ave NW
Ste 700
Washington DC 20036

AFCO Premium Credit LLC
4501 College Blvd
Suite 320
Leawood KS 66211-2328

AgileBlue Security
Valley View OH 44125

Airfinity Limited
London  WC2H 9JQ
United Kingdom

Alan P. Timmins
29290 SW Ladd Hill Road
Sherwood OR 97140

Alex Partners LLC
6427 Lake Washington Blvd., NE
Kirkland WA 98033

Alexander Garnick
310 Hunt Club Road East
Suite 201
Ottawa ON K1V 1C1
Canada

Allen Waziri
1515 44st NW
Washington DC  20007

AlphaSense Inc
6th Floor
New York NY 10003

American Academy of Family Physicians
Leawood KS 66211

American Brain Tumor Association
Suite 550
Chicago IL 60631-3225

AmerisourceBergen Drug Corporation
1 West First Ave
Conshohocken PA 19428-1800

Amy Sharpe
78 Park Street
Sommerville MA 02143

Andrew B. Lassman, MD
3 Addee Circle
Larchmont NY 10538

Ankura Consulting Group LLC
10th Floor
New York NY 10017-2619

Aon Consulting, Inc. (NJ)
Pasadena CA 91189-0137

Apexus, LLC
290 E John Carpenter Fwy
Irving TX 75062

Applied Biomics
23785 Cabot Blvd. Ste. 311
Hayward CA 94545

Arch Venture Corporation
8755 W. Higgins Road
Suite 1025
Chicago IL 60631

Arch Venture Corporation
999 Third Avenue Suite #3400
Attn: Julie McDonnell
Seattle WA 98104

Arthur J Gallagher Risk Management Services
71164 Treasury Center
Chicago IL 60694-9700

Arthur L. Reingold, MD
5800 Mendocino Ave
Oakland CA 94618

AS Kevelt
Tornimae 2
Tallinn  15010
Estonia

Ascensus
P.O.BOX 36472
Newark NY 07188-6472

ASD Healthcare
5025 PLANO PARKWAY
Chicago IL 75010

Assay Advantage Ltd (VacZine Analytics)
Assay Advantage Ltd
Warren House, Bells Hill
Bishop's Stortford  CM232NN
United Kingdom

Association of Immunization Managers
620 Hungerford Drive #29
Rockville MD 20850

ATCC
79 Collections Center Dr.
Chicago IL 60693

Atlanta Marriott Buckhead
Suite 1000
Phoenix AZ 85016

Atlantic Health Partners
PO Box 789
25A Vreeland Rd., Ste. 200
Florham Park NJ 07932

Axtria Inc
300 Connell Drive
5th Floor
Berkely Heights NJ 07922

Axway Inc
16220 North Scottsdale Road
Suite 500
Scottsdale AZ 85254

BC Securities Commission
701 West GA Street
P.O.BOX 10142 Pcific Centre
Vancouver BC V7Y 1L2
Canada

BDO USA LLP
5300 Patterson Ave SE
Suite 100
Grand Rapids MI 49512

Beacon Hill Staffing Group
Beacon Hill Staffing Group LLC
PO BOX 846193
Boston MA 02284-6193

Belgian Medicines Verification Organisation vzw
Guido Gezellestraat 126
HUIZINGEN  1654
Belgium

Biologics Consulting Group Inc.
1555 King Street
Suite 300
Alexandria VA 22314

Biotechnology Innovation Organization
1201 Maryland Ave SW Suite 900
Attn: Accounts Receivable Dept
Washington DE 20024

2

Bird & Bird (Netherlands) LLP
Zuid-Hollandplein 22, P.O. Box 30311
2596 AW The Hague
The Hague  2500 GH
Netherlands

Blaine McKee
34 Irving Street
Boston MA 02114

Blog Ink LLC (DBA DGCV)
Doug Cress
2 Brattle Squarre, Mezzanine
Cambridge MA 02138

Blue 20/20
PO BOX 2365
Burlington VT 05407-2365

Blue Cross Blue Shield Massachusetts
BOX 371318
Pittsburgh PA 15250-7318

BMO Capital Markets Corp
3 Times Sqaure
25th floor
New York NY 10036

Borden Ladner Gervais LLP
1200 Waterfront Centre, 200 Burrard St.
P.O. Box 48600
Vancouver BC V7X 1T2
Canada

Brand Institute Inc.
200 SE 1st St., 12th Fl.
Hermann Spicker
Miami FL 33131

Brenntag Biosector
Smedet often 3
3600 Frederikssund
Denmark

Broadridge ICS
P.O. BOX 416423
Boston MA 02241

Broadridge ICS.
P.O. Box 57461
Postal Station "A"
Toronto ON M5W 5M5
Canada

Bundesamt Fur Sicherheit im Gesundhesitswesen
Delflandlaan
1 Queens Tower Office Number 714
Ansterdam  1062
Netherlands

Business Wire
101 California St
20th Floor
San Fransico CA 94111

Butch Buchinski
160 Second Street, Floor 3
Cambridge MA 02142

Canada Revenue Agency
Summerside PE C1N 6E7
Canada

Canadian Association for the Study of the Liver
Markham ON L3R 8T3
Canada

Cardinal Health 105, Inc
15 Ingram Blvd
LaVergne TN 37086

Cardinal Health 127, Inc
29706 Network Place
Chicago IL 60673-1296

Carol J. Bakser M.D.
4904 Fern Street
Belaire TX 77401

CBIZ Valuation Group, LLC
P.O.Box 849846
Attn: Accounts Receivable
Dallas TX 75284-9846

Ceridian
P.O. BOX 10989
Newark NJ 07193

Chorus Call, Inc
PO BOX 3830
Pittsburgh PA 15230-3830

Christopher McNulty
563 North Ave.
Weston MA 0293

CIBG
PO Box 16114
The Hague  2500BC
Netherlands

City of Cambridge
795 Massachussetts Avenue
Cambridge MA 02139

City of Portland
111 SW Columbia
Suite 600
Portland OR 97201-5840

City of Vancouver
PO Box 7878
Vancouver BC V6B 4E2
Canada

Clarivate Analytics (US) LLC
P.O. BOX 71416
Chicago IL 60694-1416

Clark Lau LLC
One Main Street
Cambridge MA 02142

Clarus Ventures LLC
101 Main Street Suite #1210
Cambridge MA 02142

Clinical Care Options, LLC
Suite 300
Reston VA 20191

Commonwealth of Massachusetts
Department of Public Health,
Bureau of Health Professions Licensure
250 Washington St. Drug Control Program
Boston MA 02108

Community Initiatives
1000 Boradway
Suite 480
Oakland CA 94607

Community Liver Alliance
100 W. Station Square Drive
Suite 212
Pittsburgh PA 15219

Compile, Inc
405 El Camino Real, #608
Menilo Park CA 94025

Computershare
100 University Avenue
11th Floor, South Tower
Toronto ON M5J 2Y1
Canada

Computershare Trust Company (USD)
Mailbox 829
16th Floor
Louisville KY 40202

Comserve Systems, LLC
210 Tigue Street
Dunmore PA 18512

Conceptos International Ltd
Peppard Common
Henley on Thames  RG9 5JU
United Kingdom

Conference Solutions
IHW 2018 Conference
1033 SE Main St. Suite 4
Portland OR 97214

Corporation Service Company
251 Little Falls Drive
Wilmington DE 19808

Cortex Search Inc
77 Roseborough Crescent
Thornhill ON L4J 4V2
Canada

Covington & Burling LLP
One CityCenter
850 Tenth Street NW
Washington DC 20001

Crane Marketing Group LLC
Suite 400
Boston MA 02114

Creative Office Pavilion
1 Design Center Place, Suite 734
Boston MA 02210

Cress & Company Inc
Doug Cress
2 Brattle Square, Mezzanine
Cambridge MA 02138

CT Corporation
P.O. BOX 4349
Carol Stream IL 60197-4349

Cygnus Technologies, Inc.
705 Southport Supply Rd.
Southport NC 28461

DAB Consulting Services LLC
9 Allysno Court
Long Valley NJ 07853

Dana-Farber Cancer Institute
450 brookline Avenue
Boston MA 02215-5450

Dansk Medicin Verifikation Organisation ApS
Lersø Parkallé 101
København Ø  2100
Denmark

David E. Anderson
20 E Springfield Street Apt #6
David E. Anderson
Boston MA 02118-3258

David Salisbury Consulting LTD
Brightwell-cum-Sotwell
Wallingford  OX10 0RH
United Kingdom

Davis Malm & D'Agostine, P.C.
One Boston Place
Sutie 3700
Boston MA 02108

Deacons
5th Floor, Alexandra House
18 Chater Road,
Central Hong Kong
Hong Kong

Delaware Secretary of State
State of Delaware Divisoin of Corporation
P.O. Box 5509
Binghamton NY 13902-5509

Deloitte LLP
1600 - 100 Queen Street
Ottawa ON K1P 5T8
Canada

Deloitte Tax LLP
P.O. Box 844736
Dallas TX 75207

Deluxe
PO Box 57422 Stn A
Attn: Account Receivable
Toronto ON M5W 5M5
Canada

Denis Burger
1534 SW MYRTLE ST.
Portland OR 97201-2392

Department of Veterans Affairs
1st Ave, 1 Blk N. of Cermak Rd
Bldg 37, Rm 139
Hines IL 60141

Doug Chambers
310 Hunt Club
Ottawa ON K1V 1C1
Canada

DoxAdvisors LLC
PO Box 375
St. Michaels MD 21663

Dr. Dirk Knieps
Wiesloch  69168
Germany

Dr. George Kassianos CBE
Wokingham, Berkshire  RG401RQ
United Kingdom

Ducharme & Associates Inc.
207 Cyd Street
Carp ON K0A 1L0
Canada

DVR BV
Leenderweg 331
Eindhoven  5643 AL
Netherlands

Eddy A. Bresnitz
123 Grasmere Rd
Bala Cynwyd PA 19004

EFPIA
Leopold Plaza Building Rue Du Trone, 108
Brussels  1050
Belgium

EisnerAmper LLP
P.O.Box 360635
Pittsburgh PA 15251-6635

Equity Stock Transfer LLC
237 W 37th Street
Suite 601
New York NY 10018

Euan Lockhart
160 Second St Floor 3
Cambridge MA 02142

European Medicines Agency
Domenico Scarlattilaan 6
Amsterdam  1083
Netherlands

European Medicines Verification Organisation
Rue du Commerce 123
3rd Floor, Box #2
Brussels  1000
Belgium

e-Verifikation i Sverige
c/o LIF Service AB
Box 17608
Stockholm  118 92
Sweden

Eversource Energy
PO BOX 56007
Boston MA 02205-6007

Excellis Heath Solutions, LLC
4 East Bridge Street Suite 300
New Hope PA 18938

FASB
PO Box 418272
Boston MA 02241-8272

FedEx
P.O Box 371461
Pittsburgh PA 15250-7461

Fern Exposition Services LLC
645 Linn Street
Cincinnati OH 45203-1722

FFF Enterprises, Inc.
44000 Winchester Road
Attn: Anna Liza De Castro
Temecula CA 92590

Financial Accounting Standards Board
PO Box 418272
Boston MA 02241-8272

Financial Industry Regulatory Authority(FINRA)
100 West 33rd Street
New York NY 10001

FINRA
200 Liberty Str.
New York  10281

First Insurance Funding
450 Skokie Blvd
Suite 1000
Northbrook IL 60062-7917

Fisher healthcare
11450 Compaq Center Dr. W., Suite 570
Houston TX 77070-1445

Florida Dept of Revenue
Out of State Collections Unite
1415 W US Highway 90, Ste. 115
Lake City FL 32055-6156

Florida U.C. FUND
5050 W Tennessee St.
Florida Department of Revenue
Tallahassee FL 32399-0110

Focus Medical Communications, LLC
Parsippany NJ 07054

Food and Drug Administration (FDA)
P.O. Box
St Louis MO 63197-9000

Food and Drug Administration (FDA)
Attn: General Counsel
10903 New Hampshire Ave
Silver Spring MD 20993-0002

Freeman Expositions, LLC
PO Box 734596
Dallas TX 75373-4596

Frontline Medical Communications Inc.
Newark NJ 07102

Gallagher Benefit Services, Inc.
2850 Golf Road
Rolling Meadows IL 60008

Global Data
441 Lexington Avenue
3rd floor
New York NY 10017

Global Industrial Canada
110 Stabples Avenue
Unit 35
Richmond Hill ON L4B 4W6
Canada

GlobalData Publication Inc
441 Lexington Avenue
3rd Floor
New York NY 10017

Goldfinger Communications and Strategy Ltd.
Building A, 3rd Floor
PO Box 202225
Tel-Aviv  61201
Israel

Goodwin Procter LLP
100 Northern Ave.
Boston MA 02210

Greg Lindquist
160 Second Street, Floor 3
Cambridge MA 02142

GS1 Nederland
Amsterdamseweg 206
1182 HL Amstelveen, Postbus 247
AE Amstelveen  1180
Netherlands

GS1 US Inc
7887 Washington Village Drive
Suite 300
Dayton OH 45459

Hanson Wade Limited
52 Grosvenor Gardens
London  SW1W0AU
United Kingdom

Harvard University - Harvard Business School
1033 Massachusetts Ave
3rd Floor
Cambridge MA 02138

Haynes and Boone, LLP
PO Box 841399
Suite 4000
Dallas TX 75284-1399

Health Industry Business Communications Council
P.O. Box 29650
Dept. # 880159
Phoenix AZ 85038-9650

Health Trust Purchasing Group, LP
P.O. Box 751576
Charlotte NC 28275-1576

Helco Electric Inc.
Zero Centennial Drive
Peabody MA 01960-7902

Henry Masters
19 Stone Pond Terrace
Mahopac NY 10541-3533

Henry Schein
135 Duryea Road
Melville, NY 11747

Hepatitus B Foundation
3805 Old Easton Road
Doylestown PA 18902

HF Hull & Associates
Reno NV 89519

Hyman, Phelps and McNamara
700 13th Street, N.W.
Suite 1200
Washington DC DC 20005

IFA GmbH
Hamburger Allee 26 - 28
Frankfurt am Main  60486
Germany

Immunization Action Coalition
2550 University Avenue West
Suite 415 North
Saint Paul MN 55114

Immunize.org
2136 Ford Parkway
Suite 5011
Saint Paul MN 55116

Infection Matters Limited
Covent Garden
London  WC2H 9JQ
United Kingdom

Intercultural Center for Health, Research and We
Suite P437
Pearland TX 77584

inVentiv Commercial Services, LLC
500 Atrium Drive
Somerset NJ 08873

InVentiv Health Consulting Inc.
1030 Sync Street
Morrisville NC 27560

InVentiv Health PR LLC
200 Vesey St., 40th Fl.
a Syneos Health TM Group Company
New York NY 10281

Inveshare
P.O.Box 568
Alpharetta KS 30009-0568

INVESHARE Inc
P.O.BOX 568
Alpharetta GA 30009-0568

IQVIA Commercial GmbH & Co. OHG
Unterschweinstiege 2-14
Frankfurt am Main  60549
Germany

IQVIA Commercial GmbH & Co. OHG
Main Airport Center
Unterschweinstiege 2-14
Frankfurt am Main  60549
Germany

IQVIA Inc
1 Innovation Drive
Pymouth Meeting PA 19462

IQVIA Inc
1 IMS Drive
Pymouth Meeting PA 19462

IQVIA Ltd.
37 North Wharf Road
London  W2 1AF
United Kingdom

Jeff Baxter
562 Haycock Run Road
Kintnersville PA 18930

Joanne Cordeiro
222 3rd St STE 2241
Cambridge MA 02142-1259

John Dillman
160 Second street
Floor 3
Cambridge MA 02142

John Hopkins University
Wyman Park Building Suite 500-W
Att: Nancy gregoire
Baltimore MD 21218-2685

John Hopkins University
3400 N. Charles St. Wyman Park Bldg.
Ste. 500W
Att: Nancy gregoire
Baltimore MD 21218-2685

JRD Consulting, LLC
4327 Belmont Dr.
Bethlehem PA 18020

K2 Health Ventures
855 Boylston Street
10th floor
Boston MA 02116

K2 Healthventures LLC
855 Boylston Street
10th Floor
Boston MA 02116

Kestra advisory Services LLC
C/O Gallagher Retirement Services
2 Westchester Park Drive, Ste. 300
White Plains NY 10604-3408

Koh Vass & Co
Suite 3002 30/F Prosperity Tower
39 Gueen's Road  00000
Hong Kong

Korean American Medical Foundation of USA Inc.
Suite 108
Englewood Cliffs NJ 07632

Korn Ferry Internatioanl NW 5064
P.O. Box 1450
Minneapolis MN 55485-5064

KPMG Audit
P.O. Box 74500
Amsterdam  1070 DB
Netherlands

KPMG LLP
3 Chestnut Ridge Road
Montvale NJ 07645

KPMG LLP, T4348
P.O.BOX 4348
Station A
Toronto ON M5W 7A6
Canada

Krogerus
Helsinki  FI-00130
Finland

Langer McLaughlin, LLP
535 Boylston Street
3rd floor
Boston MA 02116

LeaderBoard Branding LLC
7621 Little Avenue
Suite 210
Charlotte NC 28226

Legal Suite Groupe Septeo
LS Canada Inc., bureau 602
420, rue Notre-Dame Ouest
Montreal QC H2Y 1V3
Canada

Leigh O'Mara
384 Millham Street
Marlborough MA 01752

Liama Public Health Consulting LLC
515 Brookside Ave
Wayne PA 19087

Life Science Analytics Inc.
P.O. Box 416736
Boston MA 02241-8991

LifeSci Advisors LLC
250 W 55th Street
Suite 16B
New York NY 10019

Linda Bain
310 Hunt Club
Ottawa ON K1V 9E7
Canada

Linden Hass
Palm Beach FL 33410

Locust Walk Partners LLC
200 Clarendon St.
51th Floor
Boston MA 02116

M.A. Houston Lock Co
558 Salem Street
Rockland MA 02370

M2 Compliance Incorporated
74075 El Paseo, Suite B3
Palm Desert CA 92260

M2 Compliance LLC
Suite 300
Fort Lauderdale FL 33301

Marc J. Kirchmeier
1440 Countryview Lane
Harleysville PA 19438

Mark M Blatter
Pittsburgh PA 15228

Marsh Canada Limited
P.O.BOX 9741
Postal Station A
Toronto ON M5W 1R6
Canada

Marsh USA Inc.
P.O.Box 846015
Dallas TX 75284-6015

Massachusetts Biotechnology Council
700 Technology Square
5th Floor
Cambridge MA 02139

Massachussetts Department of Revenue
100 Trade Center, 100 Sylvan Rd #760
Woburn MA 01801

Matthew Bradley
160 Second Street
3rd Floor
Cambridge MA 02142

Mauricio Lisker-Melman
St. Louis MO 63141

MBAF
1450 Brickell Avenue
Suite 1800
Miami FL 33131

McKesson Corporation
6555 North State Hwy 161
Irving TX 75039

Mckesson Medical-Surgical Inc.
99554 Mayland Dr, Suite 4000
Henrico VA 23233

MDM Worldwide Solutions Inc.
264 West 40th Street Suite 602
New York NY 10018

MDW Consultant LLC
126 Millbrook Road
Blairstown NJ 07825

MedCompli, Inc.
Suite #316
Alachua FL 32615

Mediant Communications
P.O. Box 29976
New York NY 10087-9976

MEDIANT Communications Inc
P.O.BOX 29976
New York NY 10087-9976

Mediaplanet Publishing House, Inc
350 7th Avenue
18th floor
New York NY 10001

Medicines & Healthcare products Regulatory Agenc
10 South Colonnade
Canary Wharf
London  E14 4PU
United Kingdom

Medico-Mart, Inc.
2323 Corporate Drive
Waukesha WI 53189

Medidata Solutions, Inc.
350 Hudson Street
9th Floor
New York NY 10014

MGS Consulting LLC
13318 Hidden Bay Ct.
MGS Consulting LLC
Lake Oswego OR 97035

Michael Decker
PO Box 425
Baxter TN 338544

Michael Kielar
Simpson PA 18407

Michael Lim
13107 Pendleton Ct
Reisterstown MD 21136

Michel De Wilde
126 Millbrook Road
Blairstown NJ 07825

Migdal Insurance Ltd
1 Haytzira Street Kiryat Aryeh,
P.O. Box 3063
Petach  49130
Israel

Ministère du Revenu
Ministry of Finance (BC)
Ottawa  K1V 9E7
Canada

Minnesota Board of Pharmacy
335 Randolph Ave
Suite 230
Saint Paul MN 55102

Misha Nossov
27 Prince St, Unit 3R
Cambridge MA 02139

Mitchell Silberberg & Knupp LLP
11377 West Olympic Blvd
Los Angeles CA 90064

Montrium Inc
507 Place d'Armes Suite 1500
Montreal QC H2Y2W8
Canada

Movianto Nederland BV
Keltenweg 70
Oss  5342LP
Netherlands

Nadia Tornieporth
Bussardweg 38
30900
Wademark  30900
Germany

Nadia Tornieporth
Bussardweg 38
Wademark  30900
Germany

Nasdaq Corporate Solutions Canada ULC
P.O.Box 9972, STN A
C/O T9972U
Toronto ON M5W 2J2
Canada

Nasdaq Corporate Solutions, LLC - LBX #11700
PO Box 74007143
c/o West Corporation West LLC
Chicago IL 60674-7143

Nasdaq OMX Group
805 King Farm Boulevard
Rockville MD 20850

Nast Hyde Consultancy Ltd
Twickenham  TW1 4RF
United Kingdom

National Brain Tumor Society
55 Chapel Street
Suite 200
Newton MA 02458

National Council for Prescription Drug Programs
9240 East Raintree Drive
Scottsdale AZ 85254

National Foundation for Infectious Diseases
7201 Wisconsin Avenue
Suite 750
Bethesda MD 20814

National Securities Corp
200 Vesey Street
25th floor
New York  10281

Nell Beattie
30 Monument Sq
Apt 407
Charlestown MA 02129

Netdocuments Software Inc.
Suite 300
Lehi UT 84043

New England-Canada Business council
3 Alberta Lane
Lakeville MA 02347

New Jersey Division of Taxation
PO Box 193
Trenton NJ 08646-0193

New York City Department of Finance
30 Wall Street
Attn: NYC Tax Return Processing Center
Binghamton NY 13901-2716

New York State Department of Labor
Department of Labor Unemployment Insurance
P.O. Box 4301
Binghamton NY 13902-4301

NewsDesk Media Ltd
184-192 Drummond Street
NewsDesk Media Ltd
London  NW13HP
United Kingdom

Newsfile Corp.

NFP Canada Corporation
3rd Floor
Ottawa ON K2H 8K7
Canada

Nicole Anderson
27 1/2 Boston Street
Somerville MA 02143

NK Financial Services (Nigel)
3716 West 48th Avenue
Vancouver BC V6N 3R3
Canada

Nomvec AS
c/o Legemiddelindustrien, Postboks 5094,
Majorstuen
Oslo  0301
Norway

Norbye & Konsepta AS
Tromsø  9015
Norway

Normsun Accounting & Taxation Services Limited
Unit 2403 Tung Wai Commercial Building
1090111 Gloceter Road
Wan Chai  11111
Hong Kong

North Carolina Department of Revenue
501 N. Wilmington Street
Raleigh NC 27604

Northrop Grumman International Trading
NG INC. MSSO
P.O. Box 27381
New York NY 10087-7381

Northrop Grumman International Trading-MSSO

NYS Dept of taxation and finance
90 Cohoes Ave
Green Island NY 12183-1515

OneSource Regulatory LLC
1900 Arrow Wood Drive
Flower Mound TX 75028

OneTrust LLC
Bldg 600
Atlanta GA 30328

Optum Bank
2525 Lake Park Boulevard
West Valley City UT 84120

Opus Regulatory Inc.
245 First Street
18th Floor
Cambridge MA 02142

Oregon Board of Pharmacy
800 NE Oregon Street
Suite 150
Portland OR 97232

Osborne Clarke
Suite 3002 30/F Prospertiy Tower
39 Queens Road Central
Hong Kong

OTC Markets Group
304 Hudson St
New York NY 10013

Pacific Health Foundation
San Jose CA 95128

Pacific Nephrology Group
Vancouver BC V5Z 1M9
Canada

Padilla Speer Beardsley, Inc
1101 West River Parkway
Jen Merkle
Minneapolis MN 55415

Patrick Yung Chih Wen, MD
196 E.Emerson Road
Dana-Farber Cancer Institute
Lexington MA 02420

PCAOB
PO BOX 418631
Boston MA 02241-8631

Pearl Cohen
499 Park Avenue
New York NY 100022

Pennsylvania SCDU
PACSES#892116695, Kirchmeier Marc
P.O.Box 69112
Harrisburg PA 17106-9112

Perri Maduri
153 Beacon Street
Unit 2
Somerville MA 02143

Peterson Sullivan LLP
601 Union Street Suite #2300
Seattle WA 98101

Petra Loesch
160 Second Street
Floor 3
Cambridge MA 02142

Physicians' Buying Group, Inc.
37 Commercial Blvd. Ste 107
Novato CA 94949

Plan Management Corp.
Suite 205
West Conshohocken PA 19428

Plan Management Corp.
5 Radnor Corporate Center, Suite 441
100 Matsonford Rd.
Radnor PA 19087

Pontifax Mgmt of Fund 4(2015) Ltd
Shenkar 14 St.
Herzeliya  Herzeliya
Israel

Portfolio Media, Inc.
New York NY 10087-4570

Premier Healthcare Solutions, Inc.
13034 Ballantyne Corporate Place
Charlotte NC 28277

Prescription Analytics, Inc
121 S Wilson Ave
Hartford WI 53086

PricewaterhouseCoopers Advisory Services LLC
4040 W Boy Scout Boulevard
Tampa FL 33607

PricewaterhouseCoopers LLP
PWC Tower
18 York Street, Suite 2600
Toronto ON M5J0B2
Canad

ProPharma Group
2635 University Avenue West
Suite 195
St Paul MN 55114

ProPharma Group MIS Limited
Richmond  DL10 5HX
United Kingdom

Providence Therapeutics, LLC
19 North Street # 408
Buffalo NY 14202

Province LLC
Henderson NV 89074

Public Company Accounting Oversight Board
1666 K St NW #800
Washington DC 20006

RAMPartners S.A.
10 Blvd Georges-Favon
CH-1204 Geneva
Geneva
Switzerland

Rayjoe, LP
160 Second Street
Cambridge MA 02142

RDG Filings
P.O. Box 883213
San Francisco CA 94188-3213

RDG Research Data Group
816 Roanoke Blvd.
Salem VA 24153-5261

Reformation Services, LLC
5348 Vegas Drive
Suite 688
Las Vegas NV 89108

Rhodes & WIlliams Limited
1050 Morrison Drive
3rd Floor
Ottawa ON K2H 8K7
Canada

Riveron RTS, LLC
Suite 1200
Dallas TX 75201

RR Donnelley Canada
Dept 400012 PO Box 4375
Toronto ON M5W 0J3
Canada

RTI Health Solution
3040 E Cornwallis Rd.
PO Box 12194
Research Triangle Park NC 27709-2194

Sam Chawla
15 Edgewood Drive
Greenwich CT 06831

Say Technologies LLC
Menlo Park CA 94025

Scalar group Inc.
P.O.BOX. 708641
Sandy UT 84070

SciVac Ltd
13 Gad Feinstein Rd
Rehovot  7610303
Israel

SEC Compliance, Inc.
74075 El Paseo, B3
Palm Desert CA 92260

Secretariat MCI Group Canada Inc.
Vancouver  V6E 3Z3
Canada

Securities & Exchange Commission
Secretary of the Treasury
100 F Street, NE
Washington DC 20549

Securities & Exchange Commission
New York Regional Office
Attn: Andrew Calamari Regional Dir.
Brookfield Place 200 Vesey Street, Suite 400
New York, NY 10281-1022

Silicon Valley Bank

SF Hep B Free – Bay Area
San Francisco CA 94102

Shareholder Intelligence Services, LLC
Rowayton CT 06853

SHOUT
Suite 305
Flemington NJ 08822

Sichenzia Ross Friedman Ference
555 South Federal highway, #450
Boca Raton FL 33432

Silicon Valley Bank
P.O.BOX 660254
MasterCard
Dallas TX 75266-0254

Smythe LLP
1700-475 Howe Street
Vancouver BC V6C 2B3
Canada

Spade Technology Inc.
800 South Main Street Suite #301

Mansfield MA 02048

Stanley A. Plotkin, MD
4650 Wismer Road
Doylestown PA 18902

State of Minnesota - MMCAP Infuse
Financial Management & Reporting – MMCAP
Infuse
50 Sherburne Ave., Ste. 309
St. Paul MN 55155

Stephen Scypinski
310 Hunt Club Road East
Suite 201
Ottawa ON K1v 1c1
Canada

Sterling Talent Solutions Canada Corp.
19433 96th avenue suite 200
Suite 200
Surrey BC V4N 4C4
Canada

Steven Daniel Rubin
6301 SW 106 st
Miami FL 33156

Steven Gillis
4311 Forest Avenue SE
Mercer Island WA 98040

Steven Rubin
6301 SW 106 Street
Pinecrest FL 33156

Stichting Nederlandse Medicijn Verificatie Organ
Schenkkade 50
The Hague  2595 AR
Netherlands

Stikeman Elliott LLP
5300 Commerce Court West
199 bay Street
Toronto ON M5L 1B9
Canada

Stone's Throw

Sträter Rechtsanwälte
Kronprinzenstraße 20
Bonn  53173
Germany

Sul Clinical, Inc
9300 Corporate Blvd
# 1109
Rockville MD 20850

Sun Life Assurance Company of Canada
P.O.BOX 7247 SORT 381
Sun Life Financial
Philadelphia PA 19170-0381

Suomen Lääkevarmennus Oy
Porkkalankatu 1
PL 206
Helsinki  00180
Finland

Syenos Health (InVentiv) Canada Inc.
Toronto ON M3C 1W3
Canada

Syneos Health Commercial Europe Limited
10 Bloomsbury Way
London  WC1A 2SL
United Kingdom

Syneos Health Commercial Services, LLC
Somerset NJ 08873

Syneos Health Communication Inc.
40th floor
a Syneos Health TM Group Company
New York NY 10281

Syneos Health Consulting Inc.
Raleigh NC 27623-0368

TD Advisors LLC
4045 SW Pendleton Street
Portland OR 97221

Temperren Yliopisto
33014 Tempereen Yliopisto
Suomi
Suomi  00000
Finland

Tennessee Department of Revenue
Andrew Jackson State Office Building
500 Deaderick Street
Nashville TN 37242

TenPas Consulting, LLC
9 Phinney Road
Lexington MA 02421

Terrapinn Holdings Ltd
43 Hatton Garden
Wren House
London  EC1N8EL
United Kingdom

The Canadian Association for the
Study of the Liver
Edmonton AB T6E 1X2
Canada

The Del Mar Consulting Group Inc
2455 El Amigo Road
Del Mar CA 92014

The Galien Foundation
Suite 2502
New York NY 10038

The MicroCap Conference
110 Wall Street
New York NY 10005

The NASDAQ Stock Market LLC
P.O. Box 8500
c/o Wells Fargo Bank (Lockbox 20200)
Philadelphia PA 19178-0200

The Nasdaq Stock Market, LLC. -LBX #20200
PO Box 74007143
c/o West Corporation
Chicago IL 60674-7143

The Task Force for Global Health
326 Swanton Way
Decatur GA 30030

The Wall Street Analyst, LLC
425 61 ST #4C
New York NY 11220

Tracelink, Inc
400 Riverpark Drive
Suite 200
North Reading MA 01864

Transatlantic Investment Management Inc
222Third Street
Cambridge MA 02141

Trent D. Davis
18245 River Edge Court
Lake Oswego OR 97034

TSX Inc
130 King Street West
The Exchange Tower
Toronto ON M5X 1J2
Canada

Uday Shah
310 Hunt Club
Suite 201
Ottawa ON K1V 1C1
Canada

University of California, Berkeley Foundation
Suite 401
Berkeley, CA 94704

Vaccine Ambassadors
Durham NC 27517

Vaccine Dynamics
28182 Oaklands Road
Easton MD 21601

Valneva UK Ltd.
Centaur House, Ancells Road/Fleet
Ancells Business Park
Hampshire  GU51 2UJ
United Kingdom

Vaughn Himes
Cambridge MA 02142

VBI VACCINES INC
310 Hunt Club Road East, Suite 201
Ottawa ON K1V 1C1
Canada

Veeva Systems Inc (USD)
Pleasanton CA 94588

Vermont Department of Taxes
133 State Street
Vermont Department of Taxes
Montpelier VT 05633-1401

ViaVid Broadcasting Corp.
118-998 Harbourside Drive
North Vancouver BC V7P 3T2
Canada

Vizient Inc
290 E John Carpenter Fwy
Irving TX 75062

William Schaffner
809 Timber Lane
Nashville TN 37215

Wilmer Hale
60 State Street
Boston MA 02109

Wolfram Gerlich, Dr.
AM Grassenberg  5
35037 Marburg
Germany

XE Corporation
1145 Nicholson Road, Suite 200
Newmarket ON L3Y9C3
Canada

ZRG Partners LLC
69 Milk Street
Suite 304
Westborough MA 01581

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 15 |
| VBI Vaccines (Delaware) Inc., *et al.* | Case No. 24-_____  (    ) |
| Debtors in a Foreign Proceeding.[1] | (Joint Administration Requested) |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

The following corporate ownership statement is made pursuant to Rules 1007(a)(4) and 7007.1 of the Federal Rules of Bankruptcy Procedure:

- No other corporation directly or indirectly owns more than 10% of the equity interests of VBI Vaccines Inc.

- VBI Vaccines Inc. owns 100% of the equity interests of VBI Vaccines (Delaware) Inc.

- VBI Vaccines (Delaware) Inc. owns 100% of the equity interests of Variation Biotechnologies (US) Inc.

- VBI Vaccines Inc. owns 100% of the equity interests of VBI Vaccines B.V.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 30, 2024

*/s/ Jeffrey Baxter*
Jeffrey Baxter
President and CEO of VBI Vaccines Inc.
VBI Vaccines (Delaware) Inc. as Foreign
Representative of the Chapter 15 Debtors

---

[1] The Debtors and the last four digits of its U.S. Federal Employer Identification Numbers or other unique identifier are as follows: VBI Vaccines Inc. (4170) (British Columbia Corporation No.), VBI Vaccine (Delaware) Inc. (9534), Variation Biotechnologies (US) Inc. (6196), and VBI Vaccines B.V. (1726) (Netherlands Corporation No.).  The Debtors' Mailing address is 160 Second Street, Floor 3, Cambridge, MA 02142.

Court File No. CV-24-00724693-00CL

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

| | | |
|---|---|---|
| THE HONOURABLE | ) | TUESDAY THE 30TH DAY |
| | ) | |
| JUSTICE KIMMEL | ) | OF JULY, 2024 |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF VBI VACCINES INC., VARIATION BIOTECHNOLOGIES INC., VBI VACCINES (DELAWARE) INC., VARIATION BIOTECHNOLOGIES (US), INC., SCIVAC LTD., SCIVAC HONG KONG LIMITED AND VBI VACCINES B.V.

Applicants

**INITIAL ORDER**

**THIS APPLICATION**, made by VBI Vaccines Inc., Variation Biotechnologies Inc., VBI Vaccines (Delaware) Inc. ("**VBI DE**"), Variation Biotechnologies (US), Inc., SciVac Ltd., SciVac Hong Kong Limited and VBI Vaccines B.V. (collectively, the "**Applicants**"), for an initial order pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**") was heard this day by judicial videoconference via Zoom.

**ON READING** the affidavit of Jeffrey Baxter sworn July 29, 2024 (the "**Initial Affidavit**") and the Exhibits thereto, the pre-filing report of Ernst & Young Inc. ("**EY**"), in its capacity as proposed monitor of the Applicants dated July 29, 2024 (the "**Pre-Filing Report**"), the consent of EY to act as the Monitor (the "**Monitor**"), on being advised that the secured creditors who are likely to be affected by the charges created herein were given notice, and on hearing the submissions of counsel for the Applicants, counsel for EY, counsel for K2 HealthVentures LLC ("**K2HV**"), as secured creditor and the DIP Lender (as defined below), and such other parties as listed on the Counsel Slip, with no one else appearing although duly served as appears from the affidavit of service of Philip Yang sworn July 30, 2024,

**SERVICE**

1.      **THIS COURT ORDERS** that the time for service of the Notice of Application and the Application Record is hereby abridged and validated so that this Application is properly returnable today and hereby dispenses with further service thereof.

**APPLICATION**

2.      **THIS COURT ORDERS AND DECLARES** that the Applicants are companies to which the CCAA applies.

**ADMINISTRATIVE CONSOLIDATION**

3.      **THIS COURT ORDERS** the consolidation of these CCAA proceedings of the Applicants under one single Court file and that all proceedings, filings, and other matters in the CCAA Proceedings be filed jointly and together in Court file number CV-24-00724693-00CL.

4.      **THIS COURT ORDERS AND DECLARES** that the consolidation of these CCAA proceedings in respect of the Applicants shall be for administrative purposes only and shall not effect a consolidation of the assets and property or of the debts and obligations of each of the Applicants including, without limitation, for the purposes of any plan of arrangement or compromise under the CCAA that may be hereafter proposed.

**POSSESSION OF PROPERTY AND OPERATIONS**

5.      **THIS COURT ORDERS** that the Applicants shall remain in possession and control of their current and future assets, undertakings and properties of every nature and kind whatsoever, and wherever situate including all proceeds thereof (the "**Property**"). Subject to further Order of this Court, the Applicants shall continue to carry on business in a manner consistent with the preservation of their business (the "**Business**") and Property. The Applicants are authorized and empowered to continue to retain and employ their employees, consultants, agents, experts, accountants, counsel and such other persons (collectively "**Assistants**") currently retained or employed by them, with liberty to retain such further Assistants as they deem reasonably necessary or desirable in the ordinary course of business or for the carrying out of the terms of this Order.

6.      **THIS COURT ORDERS** that the Applicants shall be entitled to continue to utilize their existing central cash management system currently in place or replace it with another substantially similar central cash management system (the "**Cash Management System**") and that any present or future bank providing the Cash Management System shall not be under any obligation whatsoever to inquire into the propriety, validity or legality of any transfer, payment, collection or other action taken under the Cash Management System, or as to the use or application by the Applicants of funds transferred, paid, collected or otherwise dealt with in the Cash Management System, shall be entitled to provide the Cash Management System without any liability in respect thereof to any Person or Persons (as hereinafter defined) other than the Applicants, pursuant to the terms of the documentation applicable to the Cash Management System, and shall be, in its capacity as provider of the Cash Management System, an unaffected creditor under any plan of arrangement or compromise under the CCAA with regard to any claims or expenses it may suffer or incur in connection with the provision of the Cash Management System.

7.      **THIS COURT ORDERS** that the Applicants shall be entitled but not required to pay the following expenses whether incurred prior to or after this Order subject to compliance with the Cash Flow Projections (as defined in the DIP Facility Agreement), as may be amended from time to time:

(a)      all outstanding and future wages, salaries, employee and pension benefits, vacation pay and expenses payable on or after the date of this Order, in each case incurred in the ordinary course of business and consistent with existing compensation policies and arrangements; and

(b)      the fees and disbursements of any Assistants retained or employed by the Applicants in respect of these proceedings, at their standard rates and charges.

8.      **THIS COURT ORDERS** that, except as otherwise provided to the contrary herein, the Applicants shall be entitled, subject to compliance with the Cash Flow Projections, as may be amended from time to time, but not required to pay all reasonable expenses incurred by the Applicants in carrying on their Business in the ordinary course after this Order, and in carrying out the provisions of this Order, which expenses shall include, without limitation:

(a)      all expenses and capital expenditures reasonably necessary for the preservation of the Property or the Business including, without limitation, payments on account

of insurance (including directors' and officers' insurance), maintenance and security services; and

(b)     payment for goods or services actually supplied to the Applicants following the date of this Order.

9.     **THIS COURT ORDERS** that the Applicants shall, in accordance with legal requirements, remit or pay:

(a)     any statutory deemed trust amounts in favour of the Crown in right of Canada or of any Province thereof or any other taxation authority which are required to be deducted from employees' wages, including, without limitation, amounts in respect of (i) employment insurance, (ii) Canada Pension Plan, (iii) Ontario Pension Plan, and (iv) income taxes;

(b)     all goods and services or other applicable sales taxes (collectively, "**Sales Taxes**") required to be remitted by the Applicants in connection with the sale of goods and services by the Applicants, but only where such Sales Taxes are accrued or collected after the date of this Order, or where such Sales Taxes were accrued or collected prior to the date of this Order but not required to be remitted until on or after the date of this Order; and

(c)     any amount payable to the Crown in right of Canada or of any Province thereof or any political subdivision thereof or any other taxation authority in respect of municipal realty, municipal business or other taxes, assessments or levies of any nature or kind which are entitled at law to be paid in priority to claims of secured creditors and which are attributable to or in respect of the carrying on of the Business by the Applicants.

10.     **THIS COURT ORDERS** that, from and after the date of this Order, the Applicants shall not make any payments pursuant to this Order other than those contemplated by the Cash Flow Projections, as may be amended from time to time, and subject to permitted variances under the DIP Facility Agreement (as defined below), or upon further Order of this Court.

11.     **THIS COURT ORDERS** that, except as specifically permitted herein, the Applicants are hereby directed, until further Order of this Court: (a) to make no payments of principal, interest thereon or otherwise on account of amounts owing by the Applicants to any of their creditors as

of this date; (b) to grant no security interests, trust, liens, mortgages, charges or encumbrances upon or in respect of any of the Property; and (c) to not grant credit or incur liabilities except in the ordinary course of the Business.

**RESTRUCTURING**

12.　　**THIS COURT ORDERS** that the Applicants shall, subject to such requirements as are imposed by the CCAA, have the right to continue negotiations with stakeholders in an effort to pursue restructuring options for the Applicants including without limitation all avenues of refinancing of their Business or Property, in whole or in part, subject to prior approval of this Court being obtained before any material refinancing.

**NO PROCEEDINGS AGAINST THE APPLICANTS OR THE PROPERTY**

13.　　**THIS COURT ORDERS** that until and including August 9, 2024, or such later date as this Court may order (the "**Stay Period**"), no proceeding or enforcement process in any court or tribunal (each, a "**Proceeding**") shall be commenced or continued against or in respect of the Applicants or the Monitor, or affecting their Business or their Property, except with the written consent of the Applicants and the Monitor, or with leave of this Court, and any and all Proceedings currently under way against or in respect of the Applicants or affecting their Business or their Property are hereby stayed and suspended pending further Order of this Court.

**NO EXERCISE OF RIGHTS OR REMEDIES**

14.　　**THIS COURT ORDERS** that during the Stay Period, all rights and remedies of any individual, firm, corporation, governmental body or agency, or any other entities (all of the foregoing, collectively being "**Persons**" and each being a "**Person**") against or in respect of the Applicants or the Monitor, or affecting their Business or their Property, are hereby stayed and suspended except with the written consent of the Applicants and the Monitor, or leave of this Court, provided that nothing in this Order shall (a) empower the Applicants to carry on any business which the Applicants are not lawfully entitled to carry on, (b) affect such investigations, actions, suits or proceedings by a regulatory body as are permitted by Section 11.1 of the CCAA, (c) prevent the filing of any registration to preserve or perfect a security interest, or (d) prevent the registration of a claim for lien.

**NO INTERFERENCE WITH RIGHTS**

15.    **THIS COURT ORDERS** that during the Stay Period, no Person shall discontinue, fail to honour, alter, interfere with, repudiate, terminate or cease to perform any right, renewal right, contract, agreement, licence or permit in favour of or held by the Applicants, except with the written consent of the Applicants and the Monitor, or leave of this Court.

**CONTINUATION OF SERVICES**

16.    **THIS COURT ORDERS** that during the Stay Period, all Persons having oral or written agreements with the Applicants or statutory or regulatory mandates for the supply of goods and/or services, including without limitation all computer software, communication and other data services, centralized banking services, payroll services, insurance, transportation services, utility or other services to the Business or the Applicants, are hereby restrained until further Order of this Court from discontinuing, altering, interfering with or terminating the supply of such goods or services as may be required by the Applicants, and that the Applicants shall be entitled to the continued use of their current premises, telephone numbers, facsimile numbers, internet addresses, email addresses and domain names, provided in each case that the normal prices or charges for all such goods or services received after the date of this Order are paid by the Applicants in accordance with normal payment practices of the Applicants or such other practices as may be agreed upon by the supplier or service provider and each of the Applicants and the Monitor, or as may be ordered by this Court.

**NON-DEROGATION OF RIGHTS**

17.    **THIS COURT ORDERS** that, notwithstanding anything else in this Order, no Person shall be prohibited from requiring immediate payment for goods, services, use of lease or licensed property or other valuable consideration provided on or after the date of this Order, nor shall any Person be under any obligation on or after the date of this Order to advance or re-advance any monies or otherwise extend any credit to the Applicants. Nothing in this Order shall derogate from the rights conferred and obligations imposed by the CCAA.

**PROCEEDINGS AGAINST DIRECTORS AND OFFICERS**

18.    **THIS COURT ORDERS** that during the Stay Period, and except as permitted by subsection 11.03(2) of the CCAA, no Proceeding may be commenced or continued against any of the former, current or future directors or officers of the Applicants with respect to any claim

against the directors or officers that arose before the date hereof and that relates to any obligations of the Applicants whereby the directors or officers are alleged under any law to be liable in their capacity as directors or officers for the payment or performance of such obligations, until a compromise or arrangement in respect of the Applicants, if one is filed, is sanctioned by this Court or is refused by the creditors of the Applicants or this Court.

## DIRECTORS' AND OFFICERS' INDEMNIFICATION AND CHARGE

19.    **THIS COURT ORDERS** that the Applicants shall indemnify their directors and officers against obligations and liabilities that they may incur as directors or officers of the Applicants after the commencement of the within proceedings, except to the extent that, with respect to any officer or director, the obligation or liability was incurred as a result of the director's or officer's gross negligence or wilful misconduct.

20.    **THIS COURT ORDERS** that the directors and officers of the Applicants shall be entitled to the benefit of and are hereby granted a charge (the "**Directors' Charge**") on the Property, which charge shall not exceed an aggregate amount of US$200,000, as security for the indemnity provided in paragraph 19 of this Order. The Directors' Charge shall have the priority as set out in paragraphs 39 and 41 herein.

21.    **THIS COURT ORDERS** that, notwithstanding any language in any applicable insurance policy to the contrary, (a) no insurer shall be entitled to be subrogated to or claim the benefit of the Directors' Charge, and (b) the Applicants' directors and officers shall only be entitled to the benefit of the Directors' Charge to the extent that they do not have coverage under any directors' and officers' insurance policy, or to the extent that such coverage is insufficient to pay amounts indemnified in accordance with paragraph 19 of this Order.

## APPOINTMENT OF MONITOR

22.    **THIS COURT ORDERS** that Ernst & Young Inc. is hereby appointed pursuant to the CCAA as the Monitor, an officer of this Court, to monitor the business and financial affairs of the Applicants with the powers and obligations set out in the CCAA or set forth herein and that the Applicants and their shareholders, officers, directors, and Assistants shall advise the Monitor of all material steps taken by the Applicants pursuant to this Order, and shall co-operate fully with the Monitor in the exercise of its powers and discharge of its obligations and provide the Monitor

with the assistance that is necessary to enable the Monitor to adequately carry out the Monitor's functions.

23.    **THIS COURT ORDERS** that the Monitor, in addition to its prescribed rights and obligations under the CCAA, is hereby directed and empowered to:

(a)    monitor the Applicants' receipts and disbursements and the Applicants' compliance with the Cash Flow Projections;

(b)    report to this Court at such times and intervals as the Monitor may deem appropriate with respect to matters relating to the Property, the Business, and such other matters as may be relevant to the proceedings herein;

(c)    assist the Applicants, to the extent required by the Applicants, in their dissemination of financial and other information to the DIP Lender and its counsel on a weekly basis of financial and other information as agreed to between the Applicants and the DIP Lender, or as may reasonably be requested by the DIP Lender;

(d)    advise the Applicants in their preparation of the Applicants' cash flow statements and reporting required by the DIP Lender, which information shall be reviewed with the Monitor and delivered to the DIP Lender and its counsel on a periodic basis, but not less than weekly, or as may reasonably be requested by the DIP Lender;

(e)    have full and complete access to the Property, including the premises, books, records, data, including data in electronic form, and other financial documents of the Applicants, to the extent that is necessary to adequately assess the Applicants' business and financial affairs or to perform its duties arising under this Order;

(f)    be at liberty to engage independent legal counsel or such other persons as the Monitor deems necessary or advisable respecting the exercise of its powers and performance of its obligations under this Order; and

(g)    perform such other duties as are required by this Order or by this Court from time to time.

24.     **THIS COURT ORDERS** that the Monitor shall not take possession of the Property and shall take no part whatsoever in the management or supervision of the management of the Business and shall not, by fulfilling its obligations hereunder, be deemed to have taken or maintained possession or control of the Business or Property, or any part thereof.

25.     **THIS COURT ORDERS** that nothing herein contained shall require the Monitor to occupy or to take control, care, charge, possession or management (separately and/or collectively, "**Possession**") of any of the Property that might be environmentally contaminated, might be a pollutant or a contaminant, or might cause or contribute to a spill, discharge, release or deposit of a substance contrary to any federal, provincial or other law respecting the protection, conservation, enhancement, remediation or rehabilitation of the environment or relating to the disposal of waste or other contamination including, without limitation, the *Canadian Environmental Protection Act, 1999*, the *Ontario Environmental Protection Act*, the *Ontario Water Resources Act*, the *Ontario Mining Act*, or the *Ontario Occupational Health and Safety Act* and regulations thereunder (the "**Environmental Legislation**"), provided however that nothing herein shall exempt the Monitor from any duty to report or make disclosure imposed by applicable Environmental Legislation. The Monitor shall not, as a result of this Order, or anything done in pursuance of the Monitor's duties and powers under this Order, be deemed to be in Possession of any of the Property within the meaning of any Environmental Legislation, unless it is actually in possession.

26.     **THIS COURT ORDERS** that that the Monitor shall provide any creditor of the Applicants and the DIP Lender with information provided by the Applicants in response to reasonable requests for information made in writing by such creditor addressed to the Monitor. The Monitor shall not have any responsibility or liability with respect to the information disseminated by it pursuant to this paragraph. In the case of information that the Monitor has been advised by the Applicants is confidential, the Monitor shall not provide such information to creditors unless otherwise directed by this Court or on such terms as the Monitor and the Applicants may agree.

27.     **THIS COURT ORDERS** that, in addition to the rights and protections afforded the Monitor under the CCAA or as an officer of this Court, the Monitor shall incur no liability or obligation as a result of its appointment or the carrying out of the provisions of this Order, save and except for any gross negligence or wilful misconduct on its part. Nothing in this Order shall derogate from the protections afforded the Monitor by the CCAA or any applicable legislation.

28.    **THIS COURT ORDERS** that the Monitor, counsel to the Monitor and counsel to the Applicants shall be paid their reasonable fees and disbursements, in each case at their standard rates and charges, by the Applicants as part of the costs of these proceedings. The Applicants are hereby authorized and directed to pay the accounts of the Monitor, counsel for the Monitor and counsel for the Applicants on a weekly basis.

29.    **THIS COURT ORDERS** that the Monitor and its legal counsel shall pass their accounts from time to time, and for this purpose the accounts of the Monitor and its legal counsel are hereby referred to a judge of the Commercial List of the Ontario Superior Court of Justice.

30.    **THIS COURT ORDERS** that the Applicants' counsel, the Monitor and its counsel shall be entitled to the benefit of and are hereby granted a charge (the "**Administration Charge**") on the Property, which charge shall not exceed an aggregate amount of US$400,000, as security for their professional fees and disbursements incurred at the standard rates and charges of the Monitor and such counsel, both before and after the making of this Order in respect of these proceedings. The Administration Charge shall have the priority as set out in paragraphs 39 and 41 herein.

**DIP FINANCING**

31.    **THIS COURT ORDERS** that the Applicants are hereby authorized and empowered to obtain and borrow under a credit facility from K2HV, in its capacity as the debtor-in-possession lender (the "**DIP Lender**") in order to finance the Applicants working capital requirements, and other general corporate purposes and capital expenditures.

32.    **THIS COURT ORDERS** that such credit facility shall be on the terms and subject to the conditions set forth in the Debtor-In-Possession Facility Term Sheet between the Applicants and the DIP Lender dated as of July 29, 2024, appended as Exhibit "A" to the Affidavit of Philip Yang sworn July 29, 2024 (the "**DIP Facility Agreement**").

33.    **THIS COURT ORDERS** that the Applicants are hereby authorized and empowered to borrow, in accordance with the terms and conditions of the DIP Facility Agreement, interim financing of up to US$150,000 during the Stay Period.

34.    **THIS COURT ORDERS** that the Applicants are hereby authorized and empowered to execute and deliver such agreements, instruments, mortgages, charges, hypothecs and security documents, guarantees and other definitive documents (collectively with the DIP Facility

Agreement, the "**Definitive Documents**"), as may be contemplated by the DIP Facility Agreement or as may be reasonably required by the DIP Lender pursuant to the terms thereof, and the Applicants are hereby authorized and directed to pay and perform all of its indebtedness, interest, fees, liabilities and obligations to the DIP Lender under and pursuant to the Definitive Documents (collectively, the "**DIP Obligations**") as and when the same become due and are to be performed, notwithstanding any other provision of this Order.

35.    **THIS COURT ORDERS** that the DIP Lender shall be entitled to the benefit of and is hereby granted a charge (the "**DIP Lender's Charge**") on the Property, provided that the DIP Lender's Charge shall not attach to (i) any property owned by VBI Vaccines (Delaware) Inc. or Variation Biotechnologies (US), Inc., whether real, personal, tangible or intangible, or (ii) any equity interests of subsidiaries of the Borrowers or Guarantors incorporated under the laws of the United States or any state or territory therein, as security for the DIP Obligations, which DIP Lender's Charge shall be in the aggregate amount of US$300,000. The DIP Lender's Charge shall not secure an obligation that exists before this Order is made. The DIP Lender's Charge shall have the priority as set out in paragraphs 39 and 41 herein.

36.    **THIS COURT ORDERS** that, in addition to the rights and protections afforded to the DIP Lender under this Order or at law, the DIP Lender shall not incur any liability or obligation as a result of the carrying out of the provisions of this Order, save and except for any gross negligence or willful misconduct on its part.

37.    **THIS COURT ORDERS** that, notwithstanding any other provision of this Order:

(a)    the DIP Lender may take such steps from time to time as it may deem necessary or appropriate to file, register, record or perfect the DIP Lender's Charge or any of the Definitive Documents;

(b)    upon the occurrence of an event of default under the Definitive Documents or the DIP Lender's Charge, the DIP Lender may accelerate all amounts owing under the DIP Facility Agreement, demand repayment and cease making advances to the Applicants, and upon three business days' notice to the Applicants and the Monitor, may exercise any and all of its rights and remedies against the Applicants or the Property under or pursuant to the Definitive Documents and the DIP Lender's Charge, including without limitation, to set off and/or consolidate any amounts owing by the DIP Lender to the Applicants against the obligations of the

Applicants to the DIP Lender under the Definitive Documents or the DIP Lender's Charge and give notices, or to apply to this Court for the appointment of a receiver, receiver and manager or interim receiver, or for a bankruptcy order against the Applicants and for the appointment of a trustee in bankruptcy of the Applicants; and

(c)  the foregoing rights and remedies of the DIP Lender shall be enforceable against any trustee in bankruptcy, interim receiver, receiver or receiver and manager of the Applicants or the Property.

38.  **THIS COURT ORDERS AND DECLARES** that K2HV and the DIP Lender shall be treated as unaffected in any plan of arrangement or compromise under the CCAA, or any proposal filed under the BIA, with respect to any advances made by K2HV, as secured lender to the Applicants, and under the Definitive Documents.

**VALIDITY AND PRIORITY OF CHARGES CREATED BY THIS ORDER**

39.  **THIS COURT ORDERS** that the priorities of the Administration Charge, the Directors' Charge and the DIP Lender's Charge (collectively, the "**Charges**"), as among them, shall be as follows:

First - Administration Charge (to the maximum amount of US$400,000);

Second – Directors' Charge (to the maximum amount of US$200,000); and

Third - DIP Lender's Charge (to the maximum amount of US$300,000).

40.  **THIS COURT ORDERS** that the filing, registration or perfection of the Charges shall not be required, and that the Charges shall be effective as against the Property and shall be valid and enforceable for all purposes, including as against any right, title or interest filed, registered, recorded or perfected subsequent to the Charges coming into existence, notwithstanding any such failure to file, register, record or perfect.

41.  **THIS COURT ORDERS** that the Charges shall constitute a charge on the Property and shall rank in priority to all other security interests, trusts, deemed trusts in favour of the Crown, liens, charges and encumbrances, claims of secured creditors, statutory or otherwise (collectively, "**Encumbrances**") in favour of any Person, provided that the Charges shall rank behind

Encumbrances in favor of any Persons that have not been served with notice of this application. The Applicants and beneficiaries of the Charges shall be entitled to seek priority ahead of such Encumbrances on notice to those parties.

42.    **THIS COURT ORDERS** that except as otherwise expressly provided for herein, or the proposed amended and restated initial order included in the Applicants' Application Record if granted by the Court, the Applicants shall not grant any Encumbrances over any Property that rank in priority to, or *pari passu* with, any of the Charges, unless the Applicants also obtain the prior written consent of the Monitor and the DIP Lender and the beneficiaries of the Directors' Charge and the Administration Charge, or further Order of this Court.

43.    **THIS COURT ORDERS** that the Directors' Charge, the Administration Charge, the Definitive Documents and the DIP Lender's Charge shall not be rendered invalid or unenforceable and the rights and remedies of the chargees entitled to the benefit of the Charges (collectively, the "**Chargees**") and/or the DIP Lender thereunder shall not otherwise be limited or impaired in any way by (a) the pendency of these proceedings and the declarations of insolvency made herein; (b) any application(s) for bankruptcy order(s) issued pursuant to BIA, or any bankruptcy order made pursuant to such applications; (c) the filing of any assignments for the general benefit of creditors made pursuant to the BIA; (d) the provisions of any federal, provincial or other statutes; or (e) any negative covenants, prohibitions or other similar provisions with respect to borrowings, incurring debt or the creation of Encumbrances, contained in any existing loan documents, lease, sublease, offer to lease or other agreement (collectively, an "**Agreement**") which binds the Applicants, and notwithstanding any provision to the contrary in any Agreement:

(a)    neither the creation of the Charges nor the execution, delivery, perfection, registration or performance of the Definitive Documents shall create or be deemed to constitute a breach by the Applicants of any Agreement to which they are a party;

(b)    none of the Chargees shall have any liability to any Person whatsoever as a result of any breach of any Agreement caused by or resulting from the Applicants entering into the DIP Facility Agreement, the creation of the Charges, or the execution, delivery or performance of the Definitive Documents; and

(c)    the payments made by the Applicants pursuant to this Order, the Definitive Documents, and the granting of the Charges, do not and will not constitute

preferences, fraudulent conveyances, transfers at undervalue, oppressive conduct, or other challengeable or voidable transactions under any applicable law.

44. **THIS COURT ORDERS** that any Charge created by this Order over leases of real property in Canada shall only be a Charge in the Applicants' interest in such real property leases.

**SERVICE AND NOTICE**

45. **THIS COURT ORDERS** that the Monitor shall (a) without delay, publish in The Globe and Mail (National Edition) a notice containing the information prescribed under the CCAA, (b) within five days after the date of this Order, (i) make this Order publicly available in the manner prescribed under the CCAA, (ii) send, in the prescribed manner, a notice to every known creditor who has a claim against the Applicants of more than $1000, and (iii) prepare a list showing the names and addresses of those creditors and the estimated amounts of those claims, and make it publicly available in the prescribed manner, all in accordance with Section 23(1)(a) of the CCAA and the regulations made thereunder, provided that the Monitor shall not make the claims, names and addresses of any individual persons who are creditors available.

46. **THIS COURT ORDERS** that the E-Service Guide of the Commercial List (the "**Guide**") is approved and adopted by reference herein and, in this proceeding, the service of documents made in accordance with the Guide (which can be found on the Commercial List website at http://www.ontariocourts.ca/scj/practice/practice-directions/toronto/eservice-commercial/)    shall be valid and effective service. Subject to Rule 17.05, this Order shall constitute an order for substituted service pursuant to Rule 16.04 of the *Rules of Civil Procedure*. Subject to Rule 3.01(d) of the *Rules of Civil Procedure* and paragraph 13 of the Guide, service of documents in accordance with the Guide will be effective on transmission. This Court further orders that a Case Website shall be established in accordance with the Guide with the following URL: www.ey.com/ca/vbi

47. **THIS COURT ORDERS** that the Applicants, the DIP Lender, the Monitor and their respective counsel are at liberty to serve or distribute this Order, and other materials and orders as may be reasonably required in these proceedings, including any notices, or other correspondence, by forwarding true copies thereof by electronic message to the Applicants' creditors or other interested parties and their advisors. For greater certainty, any such distribution or service shall be deemed to be in satisfaction of a legal or judicial obligation and notice

requirements within the meaning of clause 3(c) of the *Electronic Commerce Protection Regulations*, Reg. 81000-2-175 (SOR/DORS).

48.    **THIS COURT ORDERS** that if the service or distribution of documents in accordance with the Guide is not practicable, the Applicants, the DIP Lender and the Monitor are at liberty to serve or distribute this Order, any other materials and orders in these proceedings, any notices or other correspondence, by forwarding true copies thereof by prepaid ordinary mail, courier, personal delivery or facsimile transmission to the Applicants' creditors or other interested parties at their respective addresses as last shown on the records of the Applicants and that any such service or distribution by courier, personal delivery or facsimile transmission shall be deemed to be received on the next business day following the date of forwarding thereof, or if sent by ordinary mail, on the third business day after mailing.

**COMEBACK MOTION**

49.    **THIS COURT ORDERS** that the comeback motion shall be heard on August 9, 2024, at 8:30 A.M. (Eastern Time).

**FOREIGN PROCEEDINGS**

50.    **THIS COURT ORDERS** that VBI DE and EY are hereby authorized and empowered, but not required, to act as the foreign representatives (in such capacity, the "**Foreign Representatives**") in respect of the within proceedings for the purpose of having these proceedings recognized and approved in a jurisdiction outside of Canada.

51.    **THIS COURT ORDERS** that the Foreign Representatives are hereby authorized to apply for foreign recognition and approval of these proceedings, as necessary, in any jurisdiction outside of Canada, including, with respect to VBI DE, in the United States pursuant to chapter 15 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, and with respect to EY, in Israel under the relevant provisions of The Israeli Insolvency and Economic Rehabilitation Law, 2018.

52.    **THIS COURT ORDERS AND DECLARES** that, for the purposes of any applications authorized by paragraphs 50 and 51, the Applicants' centre of main interest is located in the province of Ontario, Canada.

**GENERAL**

53.    **THIS COURT ORDERS** that the Applicants, the DIP Lender or the Monitor may from time to time apply to this Court to amend, vary or supplement this Order or for advice and directions in the discharge of their powers and duties hereunder.

54.    **THIS COURT ORDERS** that nothing in this Order shall prevent the Monitor from acting as an interim receiver, a receiver, a receiver and manager, or a trustee in bankruptcy of the Applicants, the Business or the Property.

55.    **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States, to give effect to this Order and to assist the Applicants, the Monitor, the Foreign Representatives and their respective agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicants, the Foreign Representatives and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Monitor in any foreign proceeding, or to assist the Applicants, the Foreign Representatives and the Monitor and their respective agents in carrying out the terms of this Order.

56.    **THIS COURT ORDERS** that each of the Applicants, the Foreign Representatives and the Monitor shall be at liberty and are hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order, and that the Foreign Representatives is authorized and empowered to act as a representative in respect of the within proceedings for the purpose of having these proceedings recognized in a jurisdiction outside Canada.

57.    **THIS COURT ORDERS** that any interested party (including the Applicants and the Monitor) may apply to this Court to vary or amend this Order on not less than seven (7) days notice to any other party or parties likely to be affected by the order sought or upon such other notice, if any, as this Court may order.

58.    **THIS COURT ORDERS** that this Order and all of its provisions are effective as of 12:01 a.m. Eastern Standard/Daylight Time on the date of this Order.

Digitally signed
by Jessica Kimmel
Date: 2024.07.30
14:17:05 -04'00'

_____

Court File No. CV-24-00724693-00CL

IN THE MATTER OF THE *COMPANIES' CREDITORS*
*ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF PLAN OF COMPROMISE OR ARRANGEMENT OF ARRANGEMENT OF VBI VACCINES INC., VBI VACCINES
(DELAWARE) INC., VARIATION BIOTECHNOLOGIES (US) INC., SCIVAC LTD., SCIVAC HONG KONG LIMITED, VBI VACCINES B.V. AND
VARIATION BIOTECHNOLOGIES INC.

Applicants

| | |
|---|---|
| | *ONTARIO* |
| | **SUPERIOR COURT OF JUSTICE** |
| | **(COMMERCIAL LIST)** |
| | PROCEEDING COMMENCED AT TORONTO |
| | **INITIAL ORDER** |
| | **STIKEMAN ELLIOTT LLP** |
| | Barristers & Solicitors |
| | 5300 Commerce Court West |
| | 199 Bay Street |
| | Toronto, Canada  M5L 1B9 |
| | Lawyers for the Applicants |



## ONTARIO SUPERIOR COURT OF JUSTICE
### (COMMERCIAL LIST)

# COUNSEL SLIP/ENDORSEMENT

**COURT FILE NO.:** CV-24-00724693-00CL     **DATE:** 30 July 2024

**NO. ON LIST:** 1

**TITLE OF PROCEEDING:** IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF VBI VACCINES INC et al.

**BEFORE JUSTICE:** KIMMEL

## PARTICIPANT INFORMATION

**For Plaintiff, Applicant, Moving Party, Crown:**

| Name of Person Appearing | Name of Party | Contact Info |
|---|---|---|
| Phil Yang<br>Nathalie Nouvet | Counsel for the Applicants | pyang@stikeman.com<br>nnouvet@stikeman.com |

**For Defendant, Respondent, Responding Party, Defence:**

| Name of Person Appearing | Name of Party | Contact Info |
|---|---|---|
| | | |

**For Other, Self-Represented:**

| Name of Person Appearing | Name of Party | Contact Info |
|---|---|---|
| Marc Etienne Boucher<br>Trevor Courtis | Counsel for the Proposed Monitor | meboucher@mccarthy.ca<br>tcourtis@mccarthy.ca |

| Martin Rosenthal<br>Tara Serve<br>Andrade Morabito<br>Matt Kaplan | Proposed Monitor | Martin.rosenthal@parthenon.ey.com<br>Tara.n.serve@parthenon.ey.com<br>Andrade.morabito@parthenon.ey.com<br>Matt.kaplan@parthenon.ey.com |
| Adam Maerov<br>Spencer Klug<br>Guneev Bhinder | Counsel for K2 HealthVentures LLC | Adam.maerov@mcmillan.ca<br>Spencer.klug@mcmillan.ca<br>guneev.bhinder@mcmillan.ca |
| Arsalan Muhammad | Proposed US Counsel to VBI | arsalan.muhammad@haynesboone.com |

---

**ENDORSEMENT OF JUSTICE KIMMEL:**

1. VBI Vaccines Inc. ("VBI") and its wholly owned subsidiaries VBI Vaccines (Delaware) Inc. ("VBI DE"), Variation Biotechnologies (US), Inc. ("VBI US"), SciVac Ltd. ("SciVac"), SciVac Hong Kong Limited ("SciVac HK"), VBI Vaccines B.V. ("VBI BV"), and Variation Biotechnologies Inc. ("VBI Cda" and collectively with VBI, VBI DE, VBI US, SciVac, SciVac HK and VBI BV, referred to as "VBI Group'' or the "Applicants") seek protection from their creditors and certain other ancillary relief pursuant to an order (the "Initial Order") made under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "CCAA").

2. The Applicants are "debtor companies" or affiliates of "debtor companies" to which the CCAA applies and there are total claims against them in excess of $5 million. VBI has assets in and does business in Canada. The foreign subsidiaries are all managed and funded through the cash flow, operational and executive management carried out by VBI in Canada. The VBI subsidiaries are also part of a corporate group that operates as a Canadian led company.

3. Although VBI's registered office is in British Columbia, all of VBI's business is carried on in Ontario. Its research facilities, employees, and management are all located in Ontario. The VBI Group operates in the biopharmaceutical domain and has research operations in Ottawa, Canada, where its human resources, treasury, cash management and accounting functions are located.

4. The Applicants are experiencing significant cash flow issues that have and will continue to jeopardize their ability to pursue their strategic and product plans. They have been working on restructuring alternatives, so far without success. In the meantime and despite their restructuring efforts, they are insolvent and require protection and access to DIP financing in order to continue as a going concern while they continue to explore restructuring options.

5. The proposed form of Initial Order is consistent with the Commercial List Model Order. I am satisfied that the requirements for the granting of this Initial Order have been met.

6. The order and initial stay to August 9, 2024 are appropriate to provide the Applicants with the breathing room they need so that they can try to restore solvency and emerge from the CCAA on a going concern basis or to protect the interest of creditors and enable an orderly distribution of the debtor companies' affairs. The Applicants have acted with diligence and in good faith. The relief that has been sought on this initial attendance has been appropriately limited to the relief reasonably necessary for the Applicants to continue to operate in the ordinary course during the initial stay period until the comeback hearing, which has been scheduled for August 9, 2024 commencing at 8:30 a.m.

7. The proposed Monitor has consented to act and satisfies the requirements under s. 11.7 of the CCAA. The Monitor has reviewed the cash flow projections and supports the initial order. The initial order is also supported by the two significant secured creditors, one of which is also providing the DIP financing. None of the other secured creditors that were served with this motion raised any objection to the granting of the initial order today.

8.  I am satisfied that it is appropriate to appoint the proposed foreign representatives under s. 56 of the CCAA to act in the intended recognition proceedings in the United States and Israel.

9.  I am also satisfied, having regard to the recognized factors that the presumption under s.45(2) of the CCAA that the Centre of Main Interest ("COMI") for VBI would be British Columbia, the locale of its registered office, has been rebutted:

    a.  Ontario is readily ascertainable by creditors;

    b.  Ontario is where the Applicants' principal assets or operations are found; and

    c.  Ontario is where the management of the Applicants takes place.

    See *Lightsquared LP (Re),* 2012 ONSC 2994, at para. 25. See also *Digital Domain Media Group, Inc. (Re),* 2012 BCSC 1565, at paras. 21-24; *Zochem Inc. (Re)*, 2016 ONSC 958, at para. 22.

10.  Given the cross border nature of the Applicants' operations, the fact that the research, management, decision making, cash management, human resources and other activities take place in Ontario further reinforces the conclusion that the COMI of the VBI Group is Ontario.  See *In The Matter of Voyager Digital Ltd.,* 2022 ONSC 4553, at para. 21; See also *Angiotech Pharmaceuticals Ltd. (Re),* 2011 BCSC 115, at para. 7.

11.  For the above and more detailed and supplementary reasons that may be provided in an endorsement to follow (in conjunction with the come-back hearing if not beforehand, particularly with respect to the reasons for approval of the DIP Facility and the DIP, Administrative and D&O Charges, all of which are addressed in detail in the factum filed by the Applicants to my satisfaction), the Applicants' request for an initial order under the CCAA is granted. The order may be issued in the form signed by me today.

KIMMEL J.