**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>VBI Vaccines Inc.,<br><br>      Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 24-11625 (    )<br><br>Joint Administration Requested |
| In re<br><br>VBI Vaccines (Delaware) Inc.,<br><br>      Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 24-11623 (    )<br><br>Joint Administration Requested |
| In. re<br><br>Variation Biotechnologies (US) Inc.<br><br>      Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 24-11627 (    )<br><br>Joint Administration Requested |
| In re<br><br>VBI Vaccines B.V.<br><br>      Debtor in a Foreign Proceeding | Chapter 15<br><br>Case No. 24-11626 (    ) |

**MOTION OF THE FOREIGN REPRESENTATIVE
FOR JOINT ADMINISTRATION OF CHAPTER 15 CASES AND RELATED RELIEF**

VBI Vaccines (Delaware) Inc. ("VBI Delaware"), solely in its capacity as authorized foreign representative and not in its personal or corporate capacity (the "Foreign Representative") of VBI Vaccines Inc. ("VBI"), VBI Delaware, Variation Biotechnologies (US) Inc. ("VBI US"), and VBI Vaccines B.V. ("VBI BV") (collectively, the "Chapter 15 Debtors"), hereby moves (the "Motion") for entry of an order, substantially in the form attached as **Exhibit A**, (i) directing the joint administration of these cases for procedural purposes only pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-

1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); (ii) authorizing the filing of a consolidated list pursuant to Bankruptcy Rule 1007(a)(4); and (iii) granting related relief.

In support of this Motion, the Foreign Representative incorporates by reference the contemporaneously filed *Declaration of Jeffrey Baxter in Support of (I) Chapter 15 Petitions for Recognition of Foreign Proceeding and (II) Motion of the Foreign Representative for Entry of Provisional and Final Orders Granting Recognition of Foreign Proceeding and Certain Related Relief under Sections 105(a), 362, 365, 1517, 1519, 1520 and 1521 of the Bankruptcy Code* (the "Baxter Declaration") and further respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. Recognition of a foreign proceeding and other matters under chapter 15 of the Bankruptcy Code are core matters under 28 U.S.C. § 157(b).

2. The Foreign Representative consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue in this district is proper under 28 U.S.C. § 1410.

## BACKGROUND

4. On July 29, 2024, the Chapter 15 Debtors along with SciVac Ltd. ("SciVac"), SciVac Hong Kong Limited ("SciVac HK"), and Variation Biotechnologies Inc., ("VBI Cda" and together with SciVac, SciVac HK, and the Chapter 15 Debtors, the "CCAA Debtors") commenced proceedings (the "Canadian Proceeding") under Canada's *Companies' Creditors Arrangement*

*Act*, R.S.C. 1985, c. C-36, as amended (the "CCAA"). On the same date, the Canadian Court entered an initial order (the "Initial Order"), which, among other things, appointed the Foreign Representative of the CCAA Debtors.

5. On the date hereof, the Foreign Representative filed petitions under chapter 15 of the Bankruptcy Code for recognition of the Canadian Proceeding (the "Chapter 15 Petitions"), thereby commencing the Chapter 15 Debtors' cases (the "Chapter 15 Cases").

6. Additional information concerning the CCAA Debtors, the Canadian Proceeding, and the Chapter 15 Cases is found in the Baxter Declaration.

## RELIEF REQUESTED

7. The Foreign Representative seeks entry of an order substantially in the form attached as **Exhibit A** directing joint administration of the Chapter 15 Cases for procedural purposes only.

8. The Foreign Representative also requests that the caption of the Chapter 15 Cases be modified to reflect joint administration of the Chapter 15 Cases as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 15 |
| VBI Vaccines (Delaware) Inc., *et al.*, | Case No. 24-11623 (    ) |
| Debtors in a Foreign Proceeding.[1] | Jointly Administered |

---

[1] The Debtors and the last four digits of its U.S. Federal Employer Identification Numbers or other unique identifier are as follows: VBI Vaccines Inc. (4170) (British Columbia Corporation No.), VBI Vaccines (Delaware) Inc. (9534), Variation Biotechnologies (US) Inc. (6196), and VBI Vaccines B.V. (1726) (Netherlands Corporation No.). The Debtors' Mailing address is 160 Second Street, Floor 3, Cambridge, MA 02142.

9. The Foreign Representative requests that the Court find that, to the extent applicable, the proposed caption satisfies the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 1005.[1]

10. The Foreign Representative also seeks the Court's direction that the following notation be entered on the docket of each of the Chapter 15 Cases other that VBI Vaccine (Delaware) Inc. to reflect the joint administration of the Chapter 15 Cases:

> An Order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing the procedural consolidation and joint administration of the chapter 15 cases of VBI Vaccines (Delaware) Inc., VBI Vaccines, Inc., Variation Biotechnologies (US) Inc., and VBI Vaccines B.V. The docket in Case No. 24-11623 (_____) should be consulted for all matters affecting this case.

11. Further, the Foreign Representative requests that the Court authorize the Foreign Representative to file and utilize a combined list under Bankruptcy Rule 1007(a)(4) for the Chapter 15 Cases and that combined notices may be sent to the Chapter 15 Debtors' creditors and other parties in interest where appropriate.

## BASIS FOR RELIEF REQUESTED

12. Bankruptcy Rule 1015(b) provides that if two or more petitions for relief are pending in the same court by or against a debtor and its affiliate, the court may order joint administration of the cases. The Chapter 15 Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code, as each of the Chapter 15 Debtors are under 100% common ownership and control.

---

[1] Under section 103(a) of the Bankruptcy Code, section 342 of the Bankruptcy Code does not apply in a chapter 15 case; however, section 342(c) purports to apply "[i]f notice is required to be given by the debtor to a creditor under ***this title, any rule, any applicable law, or any order of the court***." 11 U.S.C. §§ 103(a), 342(c) (emphasis added).

4

13. Additionally, Local Rule 1015-1 provides that this Court may order joint administration without notice or a hearing upon the filing of a motion requesting such joint administration and an affidavit or verification establishing that joint administration is warranted and will ease the administrative burden for the Court and the parties.

14. Entry of an order directing joint administration of the Chapter 15 Cases will avoid duplicative notices, applications and orders, thereby saving the Foreign Representative and parties in interest considerable time and expense, as well as ease the administrative burden on the Court and the parties. The rights of creditors will not be adversely affected because this Motion requests only administrative consolidation of the Chapter 15 Cases. By aggregating all papers related to the Chapter 15 Debtors under the same case caption and docket, creditors and parties in interest will be able to access and review relevant information concerning the Chapter 15 Debtors in one place and will thereby be better able to keep apprised of the matters before this Court.

15. Additionally, filing a consolidated list under Bankruptcy Rule 1007(a)(4) is appropriate in the Chapter 15 Cases. As the provisional and final relief sought in each of these cases is identical, and any additional relief sought is likely to impact most or all of the Chapter 15 Debtors, the Foreign Representative anticipates that most if not all motions, notices, hearings, orders and other papers filed in these cases will affect all of the Chapter 15 Debtors. Under these circumstances filing and maintaining separate lists under Bankruptcy Rule 1007(a)(4) would result in unnecessary confusion and wasteful duplication of effort and service.

WHEREFORE, the Foreign Representative respectfully requests that the Court enter an order substantially in the form attached as **Exhibit A**: (i) directing the joint administration of these cases for procedural purposes only; (ii) authorizing the filing of a consolidated list; and (iii) granting related relief.

Dated: July 30, 2024
 Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek C. Abbott*
Derek C. Abbott (No. 3367)
Tamara K. Mann (No. 5643)
1201 N. Market St., 16th Floor
Wilmington, DE 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
dabbott@morrisnichols.com
tmann@morrisnichols.com

- and -

Arsalan Muhammad (*pro hac vice* pending)
**HAYNES AND BOONE, LLP**
1221 McKinney, Suite 4000
Houston, TX  77010
Telephone No.: (713) 547-2000
Facsimile No.: (713) 547-2600
Email: arsalan.muhammad@haynesboone.com

*Counsel to the Foreign Representative*