IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 15 |
| | ) |
| VBI Vaccines (Delaware) Inc., *et al.*[1] | ) Case No. 24-11623 (BLS) |
| | ) |
| | ) Jointly Administered |
| Debtors in a Foreign Proceeding. | ) |
| | ) **Re D.I. 67 & 75** |

### ORDER ENFORCING AND GIVING FULL EFFECT TO THE APPROVAL AND REVERSE VESTING ORDER; AND (II) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES <u>OTHER THAN PERMITTED ENCUMBRANCES</u>

Upon the motion (the "<u>Motion</u>")[2] of VBI Vaccines (Delaware) Inc., solely in its capacity as foreign representative (the "<u>Foreign Representative</u>") to the above-captioned debtors (the "<u>Chapter 15 Debtors</u>"), for entry of an order: (I) enforcing and giving full effect in the United States to the *Approval and Reverse Vesting Order* (the "<u>RVO</u>") attached hereto as **Exhibit 1**; and (II) approving the Sale of the Chapter 15 Debtors' right, title, and interest in and to the Purchased Assets within the territorial jurisdiction of the United States, if any, (the "<u>U.S. Assets</u>") to the Purchaser, free and clear of all liens, claims, encumbrances and other interests (other than Permitted Encumbrances) under section 363 of the Bankruptcy Code, as more fully set forth in the Motion; and upon (a) the *Counsel/Endorsement Slip* entered by the Canadian Court on October 31, 2024, (b) the *Counsel/Endorsement Slip* released by the Canadian Court on November 1, 2024, containing the Canadian Court's written reasons for approving the RVO and other collateral relief;

---

[1] The Debtors and the last four digits of its U.S. Federal Employer Identification Numbers or other unique identifier are as follows: VBI Vaccines Inc. (4170) (British Columbia Corporation No.), VBI Vaccines (Delaware) Inc. (9534), Variation Biotechnologies (US) Inc. (6196), and VBI Vaccines B.V. (1726) (Netherlands Corporation No.). The Debtors' Mailing address is 160 Second Street, Floor 3, Cambridge, MA 02142.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(c) the *Affidavit of Jeffrey Baxter (Sworn October 24, 2024)*; (d) the *Fourth Report of the Monitor*; and (e) the *Supplemental Report to the Fourth Report of the Monitor*; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and 11 U.S.C. §§ 109 and 1501; and venue being proper before this Court pursuant to 28 U.S.C. § 1410; and the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and adequate and sufficient notice of the filing of the Motion having been given by the Foreign Representative; and it appearing that the relief requested in the Motion is necessary and beneficial to the Chapter 15 Debtors; and this Court having held a hearing if necessary to consider the relief requested in the Motion; and there being no objections or other responses asserted that have not been overruled, withdrawn, or otherwise resolved; and after due deliberation and sufficient cause appearing therefor, it is hereby

**IT IS HEREBY FOUND, DETERMINED, AND ORDERED THAT**:[3]

1. On August 27, 2024, this Court entered the *Final Order Granting Recognition of Foreign Main Proceeding and Certain Related Relief Under Sections 105(a), 362, 365, 1517, 1519, 1520 and 1521 of the Bankruptcy Code*, recognizing the Canadian Proceeding as a foreign main proceeding.

2. On October 31, 2024, the Canadian Court entered the RVO approving the Sale of the Purchased Assets to the Purchaser.

3. The RVO is given full force and effect in the United States.

4. The relief granted hereby is necessary and appropriate to effectuate the objectives of chapter 15 of the Bankruptcy Code to protect the Chapter 15 Debtors and the interests of their

---

[3] The Court's findings of fact and conclusions of law are set forth herein pursuant to Bankruptcy Rule 7052, made applicable to the Chapter 15 Cases pursuant to Bankruptcy Rule 9014. To the extent that any of the findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law constitute findings of fact, they are adopted as such.

creditors and other parties in interest, is consistent with the public policy of the United States and international comity, is warranted pursuant to sections 105(a), 363(b), (f), (m), and (n), 1501, 1514, 1520, and 1521 of the Bankruptcy Code, and will not cause any hardship to any party in interest that is not outweighed by the benefits of the relief granted because all parties in interest in the Chapter 15 Cases, including the Chapter 15 Debtors, are sufficiently protected.

5. The CCAA Debtors, with the supervision and input of the Monitor, conducted a marketing process to solicit interests in the Purchased Assets. The consideration provided by the Purchaser pursuant to the Acquisition Agreement constitutes the highest or otherwise best offer for the Purchased Assets including the U.S. Assets and is reasonably equivalent value for purposes of the U.S. Assets with respect to the laws of the United States. Moreover, the Acquisition Agreement was not executed for the purpose of hindering, delaying, or defrauding present or future creditors of the Chapter 15 Debtors under the laws of the United States.

6. The decision to enter into the Acquisition Agreement with respect to the Sale of the U.S. Assets represents an exercise of sound business judgment. Good, sufficient, and sound business purposes and justifications for approving the sale of the U.S. Assets outside the ordinary course of business exist pursuant to section 363(b) of the Bankruptcy Code. The Sale of the U.S. Assets is legal, valid, enforceable, and properly authorized under all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules.

7. A sale of the U.S. Assets other than one free and clear of all liens, claims, encumbrances, and other interests (other than Permitted Encumbrances) would yield substantially less value than the Sale, if any value could be obtained, therefore, the Sale of the U.S. Assets free and clear of all liens, claims, encumbrances, and other interests (other than Permitted Encumbrances) is in the best interests of the Chapter 15 Debtors, their creditors, and other parties

in interest. Approval of the Motion and the Sale of the U.S. Assets will maximize value and is in the best interests of the Chapter 15 Debtors, their creditors, and other parties in interest to the Chapter 15 Cases.

8. The Sale of the U.S. Assets free and clear of all liens, claims, encumbrances, and other interests (other than Permitted Encumbrances) is approved because one or more of the standards set forth in section 363(f)(1)–(5) of the Bankruptcy Code has been satisfied. Upon the closing of the Sale pursuant to the terms of the Acquisition Agreement, the U.S. Assets shall absolutely vest, without further instrument of transfer or assignment, in the Purchaser all rights, title, and interest of the Chapter 15 Debtors to the U.S. Assets and there shall be a legal, valid, and effective transfer of the U.S. Assets to the Purchaser free and clear of any and all security interests (whether contractual, statutory, or otherwise), hypothecs, mortgages, pledges, options, warrants, trusts or deemed trusts (whether contractual, statutory, or otherwise), encumbrances, obligations, claims, interests, liabilities, demands, guarantees, restrictions, contractual commitments, rights, including without limitation, rights of first refusal and rights of set-off, liens, executions, levies, penalties, charges, financial or monetary claims, adverse claims, or rights of use, puts or forced sale provisions exercisable as a consequence of or arising from the closing of the Sale, whether arising prior or subsequent to the commencement of the Canadian Proceeding and the Chapter 15 Cases, whether or not they have attached or been perfected, registered or filed and whether secured, unsecured, legal, equitable, possessory or otherwise, actual or threatened civil, criminal, administrative, regulatory, arbitral or investigative inquiry, action, complaint, suit, investigation, dispute, petition or proceeding by or before any governmental authority or person at law or in equity whether imposed by agreement, understanding, law, equity or otherwise, and any claim or demand resulting therefrom except for Permitted Encumbrances under the Acquisition Agreement.

9. The negotiations over the terms of the Acquisition Agreement was conducted fairly, in good faith, without collusion, and at arm's-length, therefore, the Purchaser has acted in good faith within the meaning of section 363(m) of the Bankruptcy Code, and none of the CCAA Debtors, the Foreign Representative or the Purchaser engaged in any conduct that would cause or permit the Acquisition Agreement or the consummation of the Sale to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code. The Purchaser is purchasing the U.S. Assets in good faith and for fair and reasonable consideration, and the Purchaser is a good-faith buyer within the meaning of section 363(m) of the Bankruptcy Code and is not an "insider" of any Debtor (as defined under section 101(31) of the Bankruptcy Code). The Purchaser is therefore entitled to the full rights, benefits, privileges, and protections afforded under sections 363(m) and (n) of the Bankruptcy Code and any other applicable or similar bankruptcy and nonbankruptcy law.

10. The parties to the Acquisition Agreement may exercise their respective rights and remedies available to them under the Acquisition Agreement in the territorial jurisdiction of the United States, as applicable, in accordance with the terms thereof, the RVO, and this Order, but only to the extent approved by the RVO and this Order.

11. Based on the affidavits of service filed with, and representations made to, this Court: (i) notice of the Motion was proper, timely, adequate, and sufficient under the circumstances of the Chapter 15 Cases and complied with the various applicable requirements of the Bankruptcy Code and the Bankruptcy Rules; and (ii) no other or further notice of the Motion, or the entry of this Order is necessary or shall be required.

12. All objections to the entry of this Order that have not been withdrawn, waived, or settled, or otherwise resolved including as may be set forth herein, are denied and overruled on the merits, with prejudice.

13. Time is of the essence in consummating the Sale.  To maximize the value of the Purchased Assets, it is essential that the Sale be permitted to close promptly.  Absent the requested relief, the efforts of the CCAA Debtors, the Canadian Court, and the Foreign Representative in conducting the Canadian Proceeding and effectuating the restructuring under Canadian law may be frustrated, a result contrary to the purposes of chapter 15 of the Bankruptcy Code.  There is no reason for delay in the implementation of this Order, and directs entry of judgment as set forth herein and authorizes the closing of the Sale without regard to any delay in its implementation.  There is cause to waive the stay that would otherwise be applicable under Bankruptcy Rules 6004(h) so that the Sale can be closed immediately upon entry of this Order.  Any Bankruptcy Rule that might otherwise delay the effectiveness of this Order including, among others, Bankruptcy Rule 6004(h) are hereby waived and shall not apply, and this Order shall be effective and enforceable immediately upon its entry.  Accordingly, the CCAA Debtors and Purchaser are authorized and empowered to close the Sale immediately upon entry of this Order.

14. This Order is and shall be binding upon, and govern the acts of, all persons (including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons or entities) who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing

persons shall accept for filing any and all of the documents and instruments necessary and appropriate to release, discharge, and terminate any interests in the U.S. Assets or to otherwise consummate the Sale of the U.S. Assets and implement this Order.

15. This Order is and shall be binding in all respects upon the Chapter 15 Debtors, their creditors, all holders of equity interests in any Chapter 15 Debtor, all holders of claims (whether known or unknown) against the Chapter 15 Debtors, any holders of liens or other interests against, in, or on all or any portion of the U.S. Assets, the Purchaser, and all successors and assigns of each of the foregoing, and any person seeking to assert rights on behalf of any of the foregoing including, without limitation, upon the dismissal of any of the Chapter 15 Cases.

16. To the extent that this Order is inconsistent with the Motion, the terms of this Order shall control and govern. To the extent that there are any inconsistencies between the terms of this Order, on the one hand, and the Acquisition Agreement, on the other hand, the terms of this Order shall control and govern solely with respect to the U.S. Assets.

17. The Foreign Representative is authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

18. The failure specifically to include any particular provision of the RVO or the Acquisition Agreement in this Order shall not diminish or impair the effectiveness of such provision.

19. Other than as explicitly set forth herein, this Court shall retain jurisdiction with respect to any and all matters, claims, rights, or disputes arising from or related to the implementation or interpretation of this Order and the Sale of the U.S. Assets.

Dated: November 20th, 2024  
Wilmington, Delaware

**BRENDAN L. SHANNON**  
**UNITED STATES BANKRUPTCY JUDGE**